**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 06-5259

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFREDO MARTINEZ-VALDEZ, a/k/a Jose Luis Martinez,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00130-NCT)

---

Submitted: July 31, 2007            Decided: August 17, 2007

---

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

C. Connor Crook, BOYLE, BAIN, REBACK & SLAYTON, Charlottesville, Virginia, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfredo Martinez-Valdez appeals from his conviction and thirty-four month sentence following his guilty plea to illegal reentry into the United States after removal for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Martinez-Valdez's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether the district court erred by failing to depart from the Sentencing Guidelines range. Martinez-Valdez was given an opportunity to file a supplemental pro se brief, but he has not done so.

At sentencing, two points were added to Martinez-Valdez's criminal history score because he committed the instant offense while on probation.[*] According to the presentence report, a bench warrant was issued in 1998 due to Martinez-Valdez's failure to comply with the terms of his probation. The bench warrant had not been recalled. While Martinez-Valdez initially took issue with the two-point enhancement, he conceded that the calculation was in accordance with the Guidelines. However, he did ask that the staleness of the bench warrant be considered by the court as a ground for departure from the Guidelines range. The district court declined to depart and sentenced Martinez-Valdez within the Guidelines range of 30 to 37 months' incarceration. The district

---

[*]See U.S. Sentencing Guidelines Manual § 4A1.1(d) (2005).

- 2 -

court did not mistakenly believe it lacked jurisdiction to depart; therefore, its decision not to depart from the Sentencing Guidelines range is not subject to appellate review. See United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004) (citing United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990)); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases adopting this rule following United States v. Booker, 543 U.S. 220 (2005)). Further, to the extent Martinez-Valdez challenges the length of his sentence, we discern no reason to conclude that the district court's decision to impose a sentence within the Guidelines range was unreasonable. See Rita v. United States, 127 S. Ct. 2456 (2007).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Martinez-Valdez's conviction and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED